RECEIVED
USDC, CLERK, CHARLESTON, SC
2009 JUN 30 P 2:5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Thomas Pickens, #151245, Petitioner, -versus- Michael McCall "Warden," Respondent. | C.A. No. 2:08-3907-RBH-RSC **REPORT AND RECOMMENDATION** |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on April 8, 2009. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

On December 1, 2008, the Petitioner, Matthew Thomas Pickens, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his September 1988 state conviction for burglary first degree, and criminal sexual conduct first degree, as well as his conviction on July 13, 2005, for failure to register as a sex offender.

The petitioner is currently incarcerated in Perry Correctional Institution pursuant to an order of commitment from the Clerk of Court of Anderson County on the charges of burglary first degree, and criminal sexual conduct first degree. (SCDC

Summary Report, App. p. 89; March 29, 2006, Order). Petitioner was indicted in April 1988 for burglary first degree, criminal sexual conduct first degree, assault and battery of a high and aggravated nature. Ronald Treadwell, Esquire, represented Petitioner on the charges. A jury trial was held September 20-21, 1988. The jury found Petitioner guilty as charged. The Honorable Tom J. Ervin sentenced Petitioner to life imprisonment on the burglary conviction, thirty (30) years, consecutive, for the criminal sexual conduct conviction, five (5) years, concurrent, for the conspiracy conviction, and ten (10) years, concurrent on the assault conviction. (1988 Trial Transcript, Cover Page and p. 429). The South Carolina Court of Appeals affirmed his convictions and sentence on direct appeal, State v. Pickens, Op. No. 90-MO-137 (S.C.Ct.App. filed September 28, 1990), and the Honorable Ellis B. Drew, denied Petitioner post-conviction relief by order dated April 15, 1993. (App. pp. 55-56). In July 1995, Petitioner brought an unsuccessful petition for a writ of habeas corpus in this court which petition was closed in March 1996. (C/A No. 2:95-2168)

Petitioner was paroled on January, 2, 2002. (SCDC Summary Report, App. p. 89). Thereafter, on July 13, 2005, Petitioner waived indictment by the grand jury and pled guilty to one count of failure to register as a sex offender. (App. pp. 3 and 70; pp. 77-78). John Stathakis, Esquire, represented Petitioner on

the charge. The Honorable J. C. Nicholson accepted the plea and sentenced Petitioner to ninety (90) days incarceration, with credit for twenty-eight (28) days served pre-trial. (App. p. 10). Petitioner did not appeal his plea or sentence and was released at the conclusion of his sentence on August 5, 2005.

Thereafter, on January 6, 2006, Petitioner was convicted of three counts of obtaining goods by false pretenses, and four counts of fraudulent check, and sentenced to two hundred and ten (210) days incarceration. (App. p. 88 and 91). While serving that sentence, his parole was revoked because of, inter alia[1], the January 6, 2006, convictions.

On April 19, 2006, Petitioner filed an application for post-conviction relief ("PCR") challenging his 2005 conviction for failure to register as a sex offender and also alleging a lack of subject matter jurisdiction in regard to the 1988 convictions. On August 15, 2006, the State made its return and moved to dismiss all allegation as to the 1988 convictions as improperly successive and untimely under the state statute of limitations for PCR actions. The Honorable Alexander S. Macaulay issued a

---

[1] The affidavit in support of the revocation also cited, as reasons for the revocation, the petitioner's association with a known criminal, an arrest, failure to work, failure to report the convictions for fraudulent checks and obtaining goods by false pretenses, failure to follow the advice and instructions of his agent, failure to report to the agent, changing his address without consent of his agent, absconding supervision, and failure to pay supervision fees.

conditional order of dismissal, filed August 23, 2006, expressing his intent to dismiss the allegations regarding the 1988 convictions as successive and untimely. (App. pp. 79-83). Petitioner responded on August 24, 2006, and alleged lack of subject matter jurisdiction on both the 1988 and the 2005 convictions. On October 25, 2006, Judge Macaulay filed a final order dismissing the allegations as to the 1988 charges. On November 15, 2006, Petitioner filed a motion to alter or amend the final order. (App. pp. 63-65). The State filed its return opposing the motion on November 15, 2006. (App. pp. 67-68).

An evidentiary hearing into the matter was held August 15, 2007, at which the petitioner testified and was represented by Hugh W. Welborn, Esquire. The judge considered the petitioner's pending motion to alter or amend, and denied the motion. (App. p. 35).

Petitioner presented two issues at the PCR hearing. The first, in the words of PCR counsel, was "he feels that Mr. Stathakis didn't do a proper investigation of his case, and that falls short of his duties." (App. p. 12). Second, Petitioner claimed a lack of subject matter jurisdiction for the 2005 failure to register as a sex offender conviction since the indictment was not presented to the grand jury. (App. p. 37). After hearing testimony on the issues and arguments from the attorneys, Judge Macaulay denied relief. (App. pp. 51-53). The

PCR judge filed a written order of dismissal on September 12, 2007. (App. pp. 55-61). Petitioner appealed the denial of relief.

M. Celia Robinson, Appellate Defender of the South Carolina Commission on Indigent Defense, represented Petitioner on appeal and on May 27, 2008, counsel filed a Johnson Petition for Writ of Certiorari in the Supreme Court of South Carolina raising the following issue:

> Did the PCR judge err in finding that counsel did investigate the registry and further err in denying relief despite Petitioner's counsel's provision of ineffective assistance of counsel in that he failed to investigate the registry and failed to determine whether petitioner was actually guilty of the crime charged?

(Johnson Petition, p. 2).

On May 28, 2008, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a pro se response. Petitioner filed a response in which he continued to press his indictment issues. The South Carolina Supreme Court denied the petition on November 6, 2008, and issued the remittitur on November 24, 2008.

The instant petition was filed the same day, November 24, 2008, pursuant to Houston v. Lack, 487 U.S. 266 (1988).

The following documents have been made part of the record here:

1. 1988 Trial Transcript Cover Page and p.429 (sentencing);

2. 2006 PCR Application and Attachment;

3. Return and Motion to Object (Response to Conditional Order of Dismissal in 2006 PCR Application);

4. PCR Appendix, containing:

a. July 13, 2005 Guilty Plea Transcript;
b. 2006 PCR Application (without attachment);

c. Return and Motion to Dismiss;

d. August 15, 2007 PCR Hearing Transcript;

e. Order of Dismissal;

f. Rule 59(e) Motion to Alter or Amend;

g. Affidavit of Service (Conditional Order);

h. Sentencing Sheets, Indictments and Warrants (Partial);

i. Conditional Order of Dismissal;

j. SCDC Inmate Record Summaries;

k. Commitment Record, County Detention;

l. Misc. SCDC copies of records regarding Burglary and Criminal Sexual Conduct Convictions;

5. Johnson Petition for Writ of Certiorari;

6. May 28, 2008 Letter of Clerk of the Supreme Court of South Carolina (advising of right to response to Johnson petition);

7. May 29, 2008 Letter of Assistant Attorney General Grigg (in lieu of return);

8. Pro se Petition and October 24, 2008 Letter of Clerk of the Supreme Court of South Carolina, (accepting petition for writ of mandamus as part

of pro se response), with copy of petition;

9. November 6, 2008 Order (denying petition);

10. November 24, 2008, Remittitur;

11. March 29, 2006, Parole Board Order (revoking probation) with affidavits in support.

**GROUNDS FOR RELIEF**

In his Petition for Writ of Habeas Corpus, Petitioner makes the following allegations of error:

> **Ground One:** Denial of Due Process and Equal Protection of Law
>
> "Subject Matter Jurisdiction"
>
> Supporting Facts: On petitioner 2005 guilty plea there were no legal constituted grand jury charging petitioner with a crime of failure to register as a sex offender
>
> **Ground Two:** Ineffective assistance of counsel
>
> Supporting Facts: Counsel failed to investigate the registry and failed to determine whether petitioner was actually guilty of the crime (05-GS-04-1735);
>
> **Ground Three:** Denial of Due Process and Equal Protection of Law
>
> "Subject Matter Jurisdiction"
>
> Supporting Facts: Indictments from 1988 conviction where sham legal process that where not return by a legal constituted Grand Jury
>
> **Ground Four:** Denial of Due Process and Equal Protection of Law
>
> "Subject Matter Jurisdiction"
>
> Supporting Facts: Petitioner was not waived up as a (17) year old juvenile in 1987 by the family

> court which had exclusive original jurisdiction at the time he allegedly committed the crimes of burglary (88-GS-04-477); criminal sexual conduct 1st degree (88-GS-04-483) ass[ault] & Battery High & Agg No. (88-GS-04-478) and criminal conspiracy (88-GS-04-476).

(Habeas Petition, pp. 6-11).

The respondents filed a motion for summary judgment on April 8, 2009. On April 10, 2009, the petitioner was provided a copy of the respondents' summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On May 5, 2009, the respondent supplemented the record with an additional exhibit. On May 6, 2009, the petitioner was provided a copy of the exhibit and was given another Roseboro order. The petitioner filed an opposition to the motion on May 4, 2009, and on May 21, 2009. Hence it appears consideration of the motion is appropriate.

**APPLICABLE LAW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2008. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

> adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, 28 U.S.C. § 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. ... The touchstone for a reasonable determination is 'whether the determination is at least minimally consistent with the facts and circumstances of the case.'" Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.), cert. denied, 522 U.S. 819 (1997).

A habeas corpus petitioner must bring his petition timely. Title 28, U.S.C., Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Additionally, the Petitioner must be "in custody" within the meaning of the AEDPA. Habeas corpus relief is only available to one who is in custody as a result of the conviction the petitioner seeks to attack. The United States Supreme Court has held that the essence of "habeas corpus" is an attack by a person in custody upon the legality of that custody. The traditional function of the writ is to secure the petitioner's release from illegal custody. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973). Furthermore, the habeas statute gives federal courts the authority to issue a writ only if the petitioner

is in custody, see 28 U.S.C. § 2241, and, therefore, there is a jurisdictional requirement "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923 (1989). As a result, when considering any petition seeking a writ of habeas corpus, a federal court is confronted with threshold question whether the petitioner is "in custody" for purpose of establishing subject matter jurisdiction of court. See Meck v. Commanding Officer, Valley Forge General Hospital, 452 F.2d 758 (3d Cir. 1971); see also 28 U.S.C. § 2241(c); Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984)(an individual must be "in custody" in order to be eligible for federal habeas corpus relief).

Further, the question of federal habeas jurisdiction turns on whether the petitioner is held in actual or constructive custody by the respondents named in the petition, or by any other person or persons subject to the jurisdiction of the District Court. See Abu Ali v. Ashcroft, 350 F.Supp.2d 28 (D.D.C. 2004). Although a person need not be physically detained in a jail or prison in order to invoke federal jurisdiction to seek a writ of habeas corpus, it is necessary for the petitioner to show that there are impediments significantly restraining his liberty

to do those things that free persons are entitled to do. See Walker v. State of N. C., 262 F.Supp. 102, 105 (W.D.N.C. 1966) (petitioner must show that he suffers from a restraint "not shared by the public generally") (citing Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373 (1963), which recognized that conditions placed on parolee amount to his being in custody although not behind bars and stating "what matters is that they (Respondents) significantly restrain Petitioner's liberty to do those things which in this country free men are entitled to do."). In discussing the custody or "imprisonment" requirement for habeas corpus jurisdiction, the Second Circuit explained that, "[t]he term 'imprisonment' imports any restraint placed upon one contrary to his wishes and amounting to a physical detention of his person, and it is not necessary that he should be restrained behind prison bars." U.S. ex rel. Carapa v. Curran, 297 F. 946, 950 (2d Cir. 1924) (abrogated on other grounds) (immigrant held by INS pending deportation though not incarcerated was "in custody").

**DISCUSSION**

A review of the record and relevant case law reveals that the petitioner cannot obtain relief from his 1988 convictions because this petition is successive to his previous habeas corpus petition and is untimely and because

he is not "in custody" as a result of his July 2005 conviction for failure to register as a sex offender. The petition should be denied.

First, to the extent Petitioner seeks to attack his 1988 convictions, his time for bringing that habeas corpus petition has long since expired. 28 U.S.C. § 2244(d)(1).

Second, Petitioner's challenge to his conviction and ninety (90) day sentence imposed on July 13, 2005, with credit for twenty-eight (28) days served prior to his guilty plea fails because he is no longer in custody for that crime.

Petitioner was released from confinement for that conviction on August 5, 2005, and the Petitioner is not in custody as a result of his 2005 plea and sentence. In fact, Petitioner was convicted and sentenced subsequently, on January 6, 2006, in Municipal Court in Anderson, on three counts of obtaining goods by false pretenses, and four counts of fraudulent checks. (App. p. 88 and 91). He was incarcerated again upon those convictions. As a result of those convictions and other delicts his probation from his 1988 convictions was revoked on March 29, 2006. Review of the affidavits in support of the revocation cite his 2006 convictions as a reason his parole should be revoked. No mention was made of his 2005 convictions.

While the Supreme Court has found "custody" sufficient

to invoke the use of the writ in cases where the petitioner was not actually behind bars in certain circumstances, such as when a petitioner's freedom of movement lay within the discretion of the government, as when a petitioner is on parole, Jones v. Cunningham, 371 U.S. at 243, awaiting trial on bail, Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571 (1973), or on military reserve status, Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693 (1972), none of those circumstances are present here.

Hence Petitioner is not presently in custody on the 2005 convictions and sentences attacked in the instant petition. This Court lacks jurisdiction to hear the action, and it should be summarily dismissed. Maleng, 490 U.S. at 492.

**CONCLUSION**

Accordingly, for the aforementioned reason, it is recommended that the petition be dismissed as to the 1988 convictions as untimely and as to the 2005 conviction for want of jurisdiction, all other motions be denied as moot, and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
June 30, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which the objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).